IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PESCHKE MAP TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 12-1525-SLR |
| J.J. GUMBERG CO., | ) ) ) | |
| Defendant. | ) ) | |
| PESCHKE MAP TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 12-1527-SLR |
| MADISON MARQUETTE RETAIL SERVICES, INC., et al., | ) ) ) ) | |
| Defendants. | ) ) | |
| PESCHKE MAP TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 12-1528-SLR |
| SIMON PROPERTY GROUP, L.P., | ) ) ) | |
| Defendant. | ) ) | |

| PESCHKE MAP TECHNOLOGIES, LLC, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 12-1530-SLR |
| URBAN RETAIL PROPERTIES, LLC, | ) ) | |
| Defendant. | ) | |

| PESCHKE MAP TECHNOLOGIES, LLC, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 12-1572-SLR |
| SHORT HILLS ASSOCIATES, LLC, et al., | ) ) | |
| Defendants. | ) | |

| PESCHKE MAP TECHNOLOGIES, LLC, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 12-1574-SLR |
| VORNADO REALTY, L.P., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM**

At Wilmington this 24th day of April, 2014, having reviewed the record and having conferred with counsel in light of the pending motions to stay, the court concludes that the motions to stay shall be granted based on the following reasoning:

1. **Background.** Plaintiff Peschke Map Technologies LLC commenced this litigation in Delaware in November 2012, filing over a dozen cases asserting

2

infringement of U.S. Patent No. 6,397,143 ("the '143 patent") which discloses a map navigation and display system. Plaintiff claims that the various defendants infringe the '143 patent by allegedly selling store layout mapping products and services, including through their respective websites.

2. On June 19, 2013, the court entered a joint pretrial management order that established certain deadlines, including a deadline for fact discovery of February 14, 2014. The initial disclosures required under the Delaware Default Standard for Discovery were exchanged in June and July 2013. On or about August 6, 2013, defendants served their first set of common interrogatories on plaintiff. Plaintiff requested, and was granted, an extension of time to September 11, 2013 to respond to such. On October 3, 2013, the date of the first discovery conference scheduled with the court, plaintiff served its first set of requests for production of documents and first set of interrogatories. The discovery conference was rescheduled to November 7, 2013, about the time defendants' responses to plaintiff's discovery requests were due. The discovery conference was again postponed to January 27, 2014 at the request of counsel. On November 21, 2013, defendants served a notice to take the deposition of the inventor of the '143 patent, George Peschke, on December 5, 2013. Defendants filed their motions to stay pending *inter partes* review by the Patent Trial and Appeal Board ("the PTAB") on December 13, 2013. On January 10, 2014, defendants served a notice to take a Fed. R. Civ. P. 30(b)(6) deposition of plaintiff on January 29, 2014. That same day, plaintiff served its first set of common interrogatories on defendants. Plaintiff served its first notice of deposition on January 15, 2014.

3. At the January 27, 2014 discovery conference, plaintiff asserted that the only

issue for the court was whether to grant plaintiff's request for a two-month extension of the fact discovery period, to allow plaintiff sufficient time to process documents defendants have agreed to produce and complete duly noticed party depositions. Although the dockets reflect that defendants responded timely to plaintiff's discovery requests and that plaintiff did not complain about the sufficiency of such responses before the January 27 conference (which occurred less than a month before the February 14, 2014 fact discovery deadline), plaintiff asserted in support of its request for an extension[1] that it did not receive any document production until late January 2014. Plaintiff further asserted that it served its notices of deposition for all defendants the week of January 13, 2014, "more than a month before the February 14, 2014 close of fact discovery," without response from defendants.

4. A decision from the PTAB regarding the pending *inter partes* review is due on or before November 8, 2014. The pretrial conference in this litigation is scheduled for November 18, 2014, with trial scheduled for December 1, 2014.

5. **Standard of review.** "A decision to stay litigation lies within the sound discretion of the court and represents an exercise of the court's 'inherent power to conserve judicial resources by controlling its own docket.'" *Neste Oil OYJ v. Dynamic Fuels, LLC,* Civ. No. 12-1744-GMS, 2013 WL 3353984, at *1 (D. Del. July 2, 2013). The Federal Circuit has recognized as well the inherent power of the trial court "to manage [its] docket[ ] and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg,* 849 F.2d 1422,

---

[1] Such assertions are contained in plaintiff's letter of January 29, 2014, a sealed document filed in all of the above captioned cases.

1426-27 (Fed. Cir. 1988) (citation omitted).

6. Three factors should be considered by the court in making its determination of whether to grant a stay: (a) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (b) whether a stay will simplify the issues for trial; and (c) whether discovery is complete and a trial date set. *See Vehicle IP, LLC v. Wal-Mart Stores, Inc.*, Civ. No. 10-503-SLR, 2010 WL 4823393, at *1 (D. Del. Nov. 22, 2010).

7. **Analysis.** In balancing the interests of the parties with the resources of the court and the ends of justice in light of the above record, the court concludes that it makes more sense to stay litigation pending the decision of the PTAB in November than to try to accommodate plaintiff's needs for further discovery in the remaining months leading to trial in December. A stay should clarify, if not simplify, the issues for trial and, should the cases not be resolved administratively, the court will set a new trial schedule expeditiously, with adjustments made to complete fact and expert discovery consistent with plaintiff's needs.

8. **Conclusion.** Consistent with the above reasoning, plaintiff's request for additional time to complete fact discovery is denied, and defendants' motions to stay are granted. An order shall issue.

_____
United States District Judge