IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PESCHKE MAP TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 12-1525-SLR |
| J.J. GUMBERG CO., | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| PESCHKE MAP TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 12-1527-SLR |
| MADISON MARQUETTE RETAIL SERVICES, INC., and MADISON MARQUETTE RETAIL SERVICES LLC, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| PESCHKE MAP TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. No. 12-1528-SLR |
| SIMON PROPERTY GROUP, L.P., | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| PESCHKE MAP TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 12-1530-SLR |
| URBAN RETAIL PROPERTIES, LLC,[1] | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| PESCHKE MAP TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 12-1572-SLR |
| SHORT HILLS ASSOCIATES, LLC, and DOLPHIN MALL ASSOCIATES LLC, | ) ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| PESCHKE MAP TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 12-1574-SLR |
| VORNADO REALTY, L.P., | ) ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 3rd day of June, 2014, having heard argument on, and having

---

[1]Defendant Urban Retail Properties in Civ. No. 12-1530 has not responded or entered an appearance. This order applies to the above case as well.

reviewed the papers submitted in connection with, the parties' proposed claim construction;

IT IS ORDERED that the disputed claim language of U.S. Patent No. 6,397,143 shall be construed consistent with the tenets of claim construction set forth by the United States Court of Appeals for the Federal Circuit in *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005), as follows:

1. "[L]ayout:"[2] "[A]ny representation of the physical shape of a structure (shopping center, store, etc.) that is sufficiently accurate to be recognizable by a user as corresponding to the actual structure." The parties agree on this construction.

2. "[S]tore:"[3] "[A]ny entity which will be presented by the system as a single business establishment. More generally, this could be any physical location corresponding to a single entity. This could include property which is for sale or lease; an entertainment venue; etc. The [s]tore may be within a stand alone structure or it may be one of several within a common building. A [s]tore may be as simple as a cart or kiosk or even a payphone." (3:53-60) The patentee acted as his own lexicographer in this regard, stating "[t]he following is a brief glossary of terms used herein. The supplied definitions are applicable throughout this specification and the claims unless the term is clearly used in another manner." (3:8-11)

3. "[S]tore layout:"[4] "[A]ny representation of the physical shape of a 'store' that

---

[2]Claim 1.

[3]Claim 1.

[4]Claim 1.

2

is sufficiently accurate to be recognizable by a user as corresponding to the actual structure." This construction incorporates the patentee's definition of "store" and will be useful to a jury.

**4. "[D]escription page[s] . . . comprising information related to said corresponding store:"[5]** "[A] page on a computer screen containing information about a specific store." This construction finds support in the specification, which summarizes the invention as providing "a map showing the layout of a shopping center (or other complex), the layout of the stores within the center, and a link from each store to a detailed description page for that store." (2:9-12) Moreover, "[e]ach store . . . serves as a hyperlink to a screen which provides detailed information about that [s]tore." (6:33-36) "[A] typical store screen . . . presents a variety of detailed information about a specific [s]tore. . . . This could include a description of the business; address; phone number(s); FAX number; hours of operation, link or web address of the [s]tores own web page or site; hiring information if positions are available, etc." (6:52-60) Although the specification uses the word "detailed" to modify (not define) the limitation "description page," the court's construction does not, as the limitation "description page" is not limited to a set amount of information, i.e., the "information" provided by the description page to describe the store may vary.

---

[5]Claim 1.

3


**5. "[S]eries of maps:"** As proposed by plaintiff and most defendants,[6] the court assigns this limitation its plain and ordinary meaning.

_____
United States District Judge

---

[6] Only defendants Short Hills Associates, L.L.C. and Dolphin Mall Associates LLC proposed a construction, which construction improperly narrows the plain and ordinary meaning.